A. W. A. PHARMACY, INC., et al., Plaintiffs, v. FRIEDA S. MILLER, as Industrial Commissioner of the State of New York et al., Defendants. HARRY ANOMITRES, Doing Business as CENTRAL PARK RESTAURANT, et al., Plaintiffs, v. DEPARTMENT OF LABOR OF THE STATE OF NEW YORK et al., Defendants.— These proceedings, consolidated for argument by order of this court on stipulation, constitute appeals from determinations of the Board of Standards and Appeals of the Labor Department sustaining the validity and reasonableness of Directory Order No. 5 governing minimum wages for women and minors in the restaurant industry, promulgated pursuant to article 19 of the Labor Law. Plaintiffs urge three objections as to the validity of the order. The first is addressed to the procedure by which the Commissioner arrived at her determinations; the second relates to that portion of the order dealing with tips and the third concerns the provision for a higher hourly rate for hours worked in excess of forty-five. The evidence sustains the determinations of the Board of Standards and Appeals. Determinations of the Board of Standards and Appeals confirmed, with costs to the defendants. All concur.

EDNA E. BARBER, Respondent, v. HOWARD SOBER, INC., Appellant.— Motion for leave to appeal to the Court of Appeals denied, with $10 costs. All concur. [See 269 App. Div. 1008.]

AETNA CASUALTY & SURETY COMPANY, Respondent, v. PHILLIP TUCKER, Appellant.— Mrs. Agnes Magnam was struck by defendant's automobile on July 18, 1940, while she was crossing Broadway in the city of Kingston. That highway is sixty feet wide. Mrs. Magnam was crossing from the north to the south side of the highway and was within three to five feet of the south curb when she was struck, and injured. Mrs. Magnam was employed by the New York Protestant Episcopal Mission Society which carried Workmen's Compensation on its employees with plaintiff. Mrs. Magnam elected to take compensation. Plaintiff paid all her medical, hospital and other expenses and the awards incident to her disability. By virtue of the provisions of section 29 of the Workmen's Compensation Law her cause of action was assigned to plaintiff. Plaintiff sued defendant to recover damages which it sustained. After a trial of the issues in the Supreme Court, Ulster County, the jury rendered a verdict in plaintiff's favor for $5,150.45. From that judgment and from an order denying his motion for a new trial defendant has come to this court. On this appeal he makes but two contentions. The first is that defendant was not negligent and that Mrs. Magnam was guilty of contributory negligence; the second is that the trial court erred in its charge to the jury. As to the issue of negligence and contributory negligence only questions of fact are involved and the evidence sustains the jury's verdict. The trial court charged the jury that if Mrs. Magnam looked up the street before crossing and the way seemed clear to her there was no contributory negligence on her part in proceeding to cross the street. There is no error in this statement of the law (*Knapp* v. *Barrett*, 216 N. Y. 226). Judgment and order appealed from affirmed, with costs. All concur.